HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VICTORIA GENERAO, JOHN DAVID CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>BJE LLC, RANDALL D MARTIN, JEROME A FROLAND, ALDER LYNN LAW FIRM, LISA M JOHNSON, THOMAS S LINDE, SCHWEET LINDE & COULSON PLLC, ROBIN W TRICKLER, LAW OFFICES OF ROBIN TRICKLER PLLC, DOES 1 THROUGH 100,<br><br>Defendant. | CASE NO. C14-5082 RBL<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUEST FOR TEMPORARY RESTRAINING ORDER |

THIS MATTER is before the Court on Plaintiff's application to proceed *in forma pauperis* and their request for an emergency hearing on their motion for a temporary restraining order in their Complaint. Plaintiffs apparently live in a home that has been foreclosed upon and will be evicted at 6:00 am on January 30, 2014. They filed the current lawsuit on January 28th to avoid being evicted. Because their Complaint is frivolous on its face, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and their request for an emergency TRO is **DENIED**.

ORDER - 1

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008).

Plaintiffs request for a TRO and application to proceed *in forma pauperis* must be denied because their Complaint is frivolous on its face and they cannot show that they are likely to succeed on the merits. Plaintiffs admit in their Complaint that they stopped paying their

mortgage and that their home has already been foreclosed upon. They claim that they stopped paying the mortgage because they were concerned "about the business ethics and practices of financial institutions" and wanted to make sure that their home purchase was not a fraudulent transaction. Nowhere in the Complaint have the Plaintiffs presented a cognizable legal theory that would permit them to simply stop paying a legal debt that they acknowledge they are responsible for. They contend that UCC § 1-308[1] somehow protects them from further abuse by financial institutions, that the Defendants have ignored their demand to validate the debt, and that they are "in the process of perfecting their secure creditor status with the United States Treasury." However, they have failed to cite, and the Court is not aware of, any legal authority that support their theories. Plaintiffs' Complaint is frivolous and they cannot meet their burden of demonstrating likelihood of success on the merits.

Plaintiffs' application to proceed *in forma pauperis* is **DENIED**, and their request for a TRO is also **DENIED**.

Dated this 29th day of January, 2014.

*/s/ Ronald B. Leighton*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1] UCC § 1-308 provides that, "A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved."